

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

June 4, 2025

**BY ECF**

The Honorable Colleen McMahon
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

        Re:    *American Council of Learned Societies v. National Endowment for the Humanities*, No. 25 Civ. 3657 (CM) and *The Authors Guild v. National Endowment for the Humanities*, No. 25 Civ. 3923 (CM)

Dear Judge McMahon:

      This Office represents Defendants Michael McDonald, in his official capacity as Acting Chairman of the National Endowment for the Humanities ("NEH"), NEH, United States DOGE Service, Amy Gleason, in her official capacity as Acting Administrator of the U.S. DOGE Service, and Nate Cavanaugh, in his official capacity as an employee of the U.S. DOGE Service or the General Services Administration, in the above-referenced cases, which the Court consolidated. Case No. 25 Civ. 3657 (CM), Dkt. No. 52. We write respectfully on behalf of all parties in response to the Court's Order Scheduling an Initial Pretrial Conference, which directed the parties to file a completed case management plan by June 4, 2025. *See* Dkt. No. 17. As explained below, the parties disagree as to whether discovery—and thus a standard case management plan—is appropriate in this case.

**Plaintiffs' Position:**

      Discovery is appropriate in this case because Plaintiffs bring constitutional and *ultra vires* claims separate from their claims under the Administrative Procedure Act ("APA"). While judicial review of APA claims is generally based on the administrative record, courts have repeatedly held that discovery is appropriate where, as here, Plaintiffs also assert constitutional or other non-APA claims that turn on facts outside the administrative record. *See, e.g.*, *Vidal v. Duke*, No. 16CV4756NGGJO, 2017 WL 8773110, at *2 (E.D.N.Y. Oct. 17, 2017) (authorizing extra-record discovery into constitutional due process claim); *Mayor & City Council of Baltimore v. Trump*, 429 F. Supp. 3d 128, 138 (D. Md. 2019) (collecting cases and holding that equal protection principles, rather than the APA, should govern discovery into equal protection claim). These courts have recognized that "where constitutional rights are at issue, courts must ensure that the controlling legal principles are applied to the *actual facts of the case*." *Mayor & City Council of Baltimore*, 429 F. Supp. 3d at 138 (cleaned up).

The Honorable Colleen McMahon
Page 2

Here, Plaintiffs assert several non-APA claims that will likely turn on facts outside the administrative record. For example, Plaintiffs assert a constitutional claim not under the APA that the Department of Government Efficiency ("DOGE") acted unlawfully because DOGE lacks legal authority to terminate NEH's grants. *See, e.g.*, Dkt. No. 1 ("ACLS Compl.") ¶¶ 58-84; Dkt. No. 22 ("Authors Guild Compl.") ¶¶ 96-121. That claim will center on whether DOGE officials *in fact* carried out the termination of NEH grants. The actions and communications of DOGE officials will be critical to this claim, but Defendants are unlikely to include those materials in the administrative record. While Plaintiffs have already cited evidence supporting their allegations, they expect Defendants will dispute the allegations, and resolution of this factual issue will require extra-record discovery.

Similarly, both Plaintiffs assert First Amendment claims, alleging that Defendants engaged in unconstitutional viewpoint discrimination when terminating NEH grants. ACLS Compl. ¶¶ 171-81; Authors Guild Compl. ¶¶ 174-79. A key factual issue will therefore be the decisionmakers' true intent and purpose in carrying out the grant terminations—an issue that will likewise require extra-record discovery.

The cases cited by Defendants where courts have denied discovery are "qualitatively different" from this case, as they involve "challenges to an agency adjudication or rule promulgated after formal or informal proceedings," and so the administrative record contained all of the information relevant to the plaintiffs' claims. *Mayor & City Council of Baltimore*, 429 F. Supp. 3d at 140 (distinguishing *Chang v. U.S. Citizenship & Immigration Servs.*, 254 F. Supp. 3d 160, 161 (D.D.C. 2017), on this basis). Here, by contrast, Plaintiffs' constitutional and *ultra vires* claims will likely turn on facts not contained in the administrative record.[1]

Accordingly, Plaintiffs believe that discovery is appropriate in this matter. Consistent with this Court's Order Scheduling an Initial Pretrial Conference, Plaintiffs have proposed a case management plan that calls for the completion of all discovery within six months. *See* Ex. A. Plaintiffs respectfully request that the Court approve Plaintiffs' proposed plan.

**Defendants' Position:**

Plaintiffs bring suit pursuant to the Administrative Procedure Act ("APA") challenging actions—primarily grant terminations and personnel actions—taken by Defendants with respect to NEH. *See* Dkt. No. 1 ("ACLS Compl."); Dkt. No. 22 ("Authors Guild Compl."). In addition to claims under the APA, each complaint purports to raise additional "non-statutory" claims asserting that the conduct alleged was *ultra vires* and violates the Impoundment Control Act, appropriations legislation, separation of powers, and the First Amendment. ACLS Compl. Counts Two, Four, Eight, Nine; Authors Guild Complaint Counts II-VI. These "non-statutory" claims challenge the same core conduct as Plaintiffs' APA claims.

Because these cases challenge agency action, judicial review is generally confined to the administrative record that was "before the agency" at the time of the decisions at issue. *See*

---

[1] For the same reason, Local Rule 16.1—which exempts "reviews from administrative agencies" from the mandatory scheduling order required by Fed. R. Civ. P. 16(b)—does not apply here.

The Honorable Colleen McMahon
Page 3

*Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971); *Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2573 (2019); *accord* 5 U.S.C. § 706.  This is so even where plaintiffs raise constitutional or other claims that "substantial[ly] overlap" with their APA claims.  *See, e.g.*, *Al-Saidi v. Noem*, 23-CV-4979 (VSB), 2025 WL 959094, at *3 (S.D.N.Y. Mar. 31, 2025) (plaintiffs were not entitled to extra-record discovery in APA case because, while they also raised constitutional claims, there was "substantial overlap" between those claims and plaintiffs' APA claims); *Chang v. United States Citizenship & Immigration Services*, 254 F. Supp. 3d 160, 161-63 (D.D.C. 2017) (discussing different approaches taken by courts where a plaintiff asserts constitutional claims in addition to APA claims, explaining that "[s]ome courts have held that such claims are still subject to the [APA's record review] rule," since the APA itself allows plaintiffs to raise constitutional claims, while other courts "have merely found that, where a plaintiff's constitutional claims fundamentally overlap with their other APA claims, discovery is neither needed nor appropriate").

      Here, all of Plaintiffs' claims challenge the same core agency actions.  Accordingly, Defendants expect that, if the Court does not grant their motion to dismiss, *see* Dkt. No. 76, this matter will be resolved through motions for summary judgment.  Defendants do not anticipate exchanging discovery in this action, and thus do not believe a discovery schedule is appropriate.[2]  In addition, Local Rule 16.1 exempts this matter from the mandatory scheduling order required by Federal Rule of Civil Procedure 16(b).  Defendants therefore request to be relieved of the obligation to submit the standard case management plan.  Further, Defendants have filed a motion to dismiss, briefing on which is scheduled to be completed by June 20, 2025.  *See* Dkt. No. 52.  The Court's decision on that motion may dispose of Plaintiffs' claims in their entirety.  Even if it does not, it may dispose of the non-APA claims that Plaintiffs contend entitle them to discovery outside of the administrative record.  Accordingly, Defendants submit that submission of a case management plan allowing for discovery outside of the administrative record is, at the least, premature.

---

[2] The Proposed Case Management Plan attached hereto is submitted by Plaintiffs only, without Defendants' agreement.  Defendants do not believe that the discovery contemplated in that plan is appropriate in this case.

The Honorable Colleen McMahon
Page 4

      We thank the Court for its consideration of this letter.

                                  Respectfully submitted,

                                  JAY CLAYTON
                                  United States Attorney for the
                                  Southern District of New York

                      By:  *s/ Rachael Doud*
                                  RACHAEL DOUD
                                  MARY ELLEN BRENNAN
                                  Assistant United States Attorneys
                                  86 Chambers St., 3rd Floor
                                  New York, New York  10007
                                  (212) 637-2699
                                  (212) 637-2652

cc:     All counsel of record (via ECF)