**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/5/2025

86 Chambers Street
New York, New York 10007

June 4, 2025

**BY ECF**

The Honorable Colleen McMahon
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *American Council of Learned Societies v. National Endowment for the Humanities*, No. 25 Civ. 3657 (CM) and *The Authors Guild v. National Endowment for the Humanities*, No. 25 Civ. 3923 (CM)

Dear Judge McMahon:

**MEMO ENDORSED**

This Office represents Defendants Michael McDonald, in his official capacity as Acting Chairman of the National Endowment for the Humanities ("NEH"), NEH, United States DOGE Service, Amy Gleason, in her official capacity as Acting Administrator of the U.S. DOGE Service, and Nate Cavanaugh, in his official capacity as an employee of the U.S. DOGE Service or the General Services Administration, in the above-referenced cases, which the Court consolidated. Case No. 25 Civ. 3657 (CM), Dkt. No. 52. We write respectfully on behalf of all parties in response to the Court's Order Scheduling an Initial Pretrial Conference, which directed the parties to file a completed case management plan by June 4, 2025. *See* Dkt. No. 17. As explained below, the parties disagree as to whether discovery—and thus a standard case management plan—is appropriate in this case.

**Plaintiffs' Position:**

Discovery is appropriate in this case because Plaintiffs bring constitutional and *ultra vires* claims separate from their claims under the Administrative Procedure Act ("APA"). While judicial review of APA claims is generally based on the administrative record, courts have repeatedly held that discovery is appropriate where, as here, Plaintiffs also assert constitutional or other non-APA claims that turn on facts outside the administrative record. *See, e.g., Vidal v. Duke*, No. 16CV4756NGGJO, 2017 WL 8773110, at *2 (E.D.N.Y. Oct. 17, 2017) (authorizing extra-record discovery into constitutional due process claim); *Mayor & City Council of Baltimore v. Trump*, 429 F. Supp. 3d 128, 138 (D. Md. 2019) (collecting cases and holding that equal protection principles, rather than the APA, should govern discovery into equal protection claim). These courts have recognized that "where constitutional rights are at issue, courts must ensure that the controlling legal principles are applied to the *actual facts of the case*." *Mayor & City Council of Baltimore*, 429 F. Supp. 3d at 138 (cleaned up).

[Handwritten annotation: 6/5/2025 — This order was sent out in my absence as a standard case management order. I agree that it should not have been sent, until the motions contemplated by my premises scheduling order are decided. We will not be entering a case management plan. CM]

The Honorable Colleen McMahon
Page 2

Here, Plaintiffs assert several non-APA claims that will likely turn on facts outside the administrative record. For example, Plaintiffs assert a constitutional claim not under the APA that the Department of Government Efficiency ("DOGE") acted unlawfully because DOGE lacks legal authority to terminate NEH's grants. *See, e.g.*, Dkt. No. 1 ("ACLS Compl.") ¶¶ 58-84; Dkt. No. 22 ("Authors Guild Compl.") ¶¶ 96-121. That claim will center on whether DOGE officials *in fact* carried out the termination of NEH grants. The actions and communications of DOGE officials will be critical to this claim, but Defendants are unlikely to include those materials in the administrative record. While Plaintiffs have already cited evidence supporting their allegations, they expect Defendants will dispute the allegations, and resolution of this factual issue will require extra-record discovery.

Similarly, both Plaintiffs assert First Amendment claims, alleging that Defendants engaged in unconstitutional viewpoint discrimination when terminating NEH grants. ACLS Compl. ¶¶ 171-81; Authors Guild Compl. ¶¶ 174-79. A key factual issue will therefore be the decisionmakers' true intent and purpose in carrying out the grant terminations—an issue that will likewise require extra-record discovery.

The cases cited by Defendants where courts have denied discovery are "qualitatively different" from this case, as they involve "challenges to an agency adjudication or rule promulgated after formal or informal proceedings," and so the administrative record contained all of the information relevant to the plaintiffs' claims. *Mayor & City Council of Baltimore*, 429 F. Supp. 3d at 140 (distinguishing *Chang v. U.S. Citizenship & Immigration Servs.*, 254 F. Supp. 3d 160, 161 (D.D.C. 2017), on this basis). Here, by contrast, Plaintiffs' constitutional and *ultra vires* claims will likely turn on facts not contained in the administrative record.[1]

Accordingly, Plaintiffs believe that discovery is appropriate in this matter. Consistent with this Court's Order Scheduling an Initial Pretrial Conference, Plaintiffs have proposed a case management plan that calls for the completion of all discovery within six months. *See* Ex. A. Plaintiffs respectfully request that the Court approve Plaintiffs' proposed plan.

**Defendants' Position:**

Plaintiffs bring suit pursuant to the Administrative Procedure Act ("APA") challenging actions—primarily grant terminations and personnel actions—taken by Defendants with respect to NEH. *See* Dkt. No. 1 ("ACLS Compl."); Dkt. No. 22 ("Authors Guild Compl."). In addition to claims under the APA, each complaint purports to raise additional "non-statutory" claims asserting that the conduct alleged was *ultra vires* and violates the Impoundment Control Act, appropriations legislation, separation of powers, and the First Amendment. ACLS Compl. Counts Two, Four, Eight, Nine; Authors Guild Complaint Counts II-VI. These "non-statutory" claims challenge the same core conduct as Plaintiffs' APA claims.

Because these cases challenge agency action, judicial review is generally confined to the administrative record that was "before the agency" at the time of the decisions at issue. *See*

---

[1] For the same reason, Local Rule 16.1—which exempts "reviews from administrative agencies" from the mandatory scheduling order required by Fed. R. Civ. P. 16(b)—does not apply here.

The Honorable Colleen McMahon
Page 3

*Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971); *Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2573 (2019); *accord* 5 U.S.C. § 706. This is so even where plaintiffs raise constitutional or other claims that "substantial[ly] overlap" with their APA claims. *See, e.g., Al-Saidi v. Noem*, 23-CV-4979 (VSB), 2025 WL 959094, at *3 (S.D.N.Y. Mar. 31, 2025) (plaintiffs were not entitled to extra-record discovery in APA case because, while they also raised constitutional claims, there was "substantial overlap" between those claims and plaintiffs' APA claims); *Chang v. United States Citizenship & Immigration Services*, 254 F. Supp. 3d 160, 161-63 (D.D.C. 2017) (discussing different approaches taken by courts where a plaintiff asserts constitutional claims in addition to APA claims, explaining that "[s]ome courts have held that such claims are still subject to the [APA's record review] rule," since the APA itself allows plaintiffs to raise constitutional claims, while other courts "have merely found that, where a plaintiff's constitutional claims fundamentally overlap with their other APA claims, discovery is neither needed nor appropriate").

Here, all of Plaintiffs' claims challenge the same core agency actions. Accordingly, Defendants expect that, if the Court does not grant their motion to dismiss, *see* Dkt. No. 76, this matter will be resolved through motions for summary judgment. Defendants do not anticipate exchanging discovery in this action, and thus do not believe a discovery schedule is appropriate.[2] In addition, Local Rule 16.1 exempts this matter from the mandatory scheduling order required by Federal Rule of Civil Procedure 16(b). Defendants therefore request to be relieved of the obligation to submit the standard case management plan. Further, Defendants have filed a motion to dismiss, briefing on which is scheduled to be completed by June 20, 2025. *See* Dkt. No. 52. The Court's decision on that motion may dispose of Plaintiffs' claims in their entirety. Even if it does not, it may dispose of the non-APA claims that Plaintiffs contend entitle them to discovery outside of the administrative record. Accordingly, Defendants submit that submission of a case management plan allowing for discovery outside of the administrative record is, at the least, premature.

---

[2] The Proposed Case Management Plan attached hereto is submitted by Plaintiffs only, without Defendants' agreement. Defendants do not believe that the discovery contemplated in that plan is appropriate in this case.

The Honorable Colleen McMahon
Page 4

   We thank the Court for its consideration of this letter.

          Respectfully submitted,

          JAY CLAYTON
          United States Attorney for the
          Southern District of New York

       By: _s/ Rachael Doud_
          RACHAEL DOUD
          MARY ELLEN BRENNAN
          Assistant United States Attorneys
          86 Chambers St., 3rd Floor
          New York, New York 10007
          (212) 637-2699
          (212) 637-2652

cc: All counsel of record (via ECF)

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
American Council of Learned Societies, et al.,

                Plaintiff(s),         25 Civ. 3657 (CM) (BCM)

  -against-

Michael McDonald, et al.,
                Defendant(s).
---------------------------------------------------------X

## CIVIL CASE MANAGEMENT PLAN

(For all cases except patent, IDEA, FISA and ERISA benefits cases,
and cases subject to the Private Securities Litigation Reform Act)

1. This case is/is not to be tried to a jury.

2. Discovery pursuant to Fed.R.Civ.P. 26(a) shall be exchanged by June 30, 2025

3. No additional parties may be joined after August 15, 2025

4. No pleading may be amended after August 15, 2025

5. If your case is brought pursuant to 42 U.S.C. § 1983: In keeping with the United States Supreme Court's observation that the issue of qualified immunity should be decided before discovery is conducted, counsel representing any defendant who intends to claim qualified immunity must comply with the special procedure set forth in Judge McMahon's individual rules, which can be found at www.nysd.uscourts.gov.

Failure to proceed in accordance with the qualified immunity rules constitutes a waiver of the right to move for judgment on the ground of qualified immunity prior to trial. *Please identify any party who is moving to dismiss on qualified immunity grounds.*

6. All discovery, *including expert discovery*, must be completed on or before November 5, 2025 (For personal injury, civil rights, employment discrimination or medical malpractice cases only): Plaintiff's deposition shall be taken first, and

Case 1:25-cv-03655-CM   Document 71   Filed 05/05/25   Page 53 of 64

~~shall be completed by~~ _____ PLEASE NOTE: the phrase "all discovery, including expert discovery" means that the parties must select and disclose their experts' identities and opinions, as required by Fed. R. Civ. P. 26(a)(2)(B), *well before* the expiration of the discovery period. Expert disclosures conforming with Rule 26 must be made no later than the following dates: Plaintiff(s) expert report(s) by **September 5, 2025**; Defendant(s) expert report(s) by **October 6, 2025**.

7. Judge McMahon's Rules governing electronic discovery apply automatically to this case. The parties must comply with those rules unless they supersede it with a consent order. The text of the order will be found at www.nysd.uscourts.gov.

8. Discovery disputes in this case will be resolved by the assigned Magistrate Judge, who is **Barbara C. Moses**. The first time there is a discovery dispute that counsel cannot resolve on their own, notify Judge McMahon's Chambers by letter and she will sign an order referring your case to the Magistrate Judge for discovery supervision. Thereafter, go directly to the Magistrate Judge for resolution of discovery disputes; do not contact Judge McMahon. Discovery disputes do not result in any extension of the discovery deadline or trial-ready date, and Judge McMahon must approve any extension of the discovery deadline in non-pro se cases. *The Magistrate Judge cannot change discovery deadlines unless you agree to transfer the case to the Magistrate Judge for all purposes.* Judge McMahon does not routinely grant extensions so counsel are warned that if they wait until the last minute to bring discovery disputes to the attention of the Magistrate Judge, they may find themselves precluded from taking discovery because they have run out of time.

9. A joint pre-trial order in the form prescribed in Judge McMahon's individual rules, together with all other pre-trial submissions required by those rules (not including *in limine* motions), shall be submitted on or before **December 19, 2025**. Following submission of the joint pre-trial order, counsel will be notified of the date of the final pre-trial conference. *In limine* motions must be filed within five days of receiving notice of the final pre-trial conference; responses to in limine motions are due five days after the motions are made. Cases may be called for trial at any time following the final pre-trial conference.

10. No motion for summary judgment may be served after the date the pre-trial order is due. *The filing of a motion for summary judgment does not relieve the parties of the obligation to file the pre-trial order and other pre-trial submissions on the assigned date.*

11. The parties may at any time consent to have this case tried before the assigned Magistrate Judge pursuant to 28 U.S.C. Section 636(c).

Case 1:25-cv-03657-CM   Document 71   Filed 05/05/25   Page 64 of 64

12. This scheduling order may be altered or amended only on a showing of good cause that is not foreseeable at the time this order is entered. *Counsel should not assume that extensions will be granted as a matter of routine.*

Dated:

    New York, New York

Upon consent of the parties
[signatures of all counsel]

_____    _____

_____    _____

_____    _____

                      SO ORDERED:

                      _____
                      Hon. Colleen McMahon
                      United States District Judge