# Exhibit A

**From:** **Brennan, Mary Ellen (USANYS) 1** MaryEllen.Brennan@usdoj.gov
**Subject:** RE: [EXTERNAL] Re: ACLS v. NEH and Authors Guild v. NEH - Discovery Requests
**Date:** November 26, 2025 at 1:34 PM
**To:** Dan Jacobson dan@jacobsonlawyersgroup.com, Jamie Crooks jamie@fairmarklaw.com, Doud, Rachael (USANYS)
Rachael.Doud@usdoj.gov
**Cc:** John Robinson john@jacobsonlawyersgroup.com, Lynn Eisenberg lynn@jacobsonlawyersgroup.com, Michael Lieberman
michael@fairmarklaw.com, Yinka Onayemi yinka@fairmarklaw.com, Matthew Leach mleach@fairmarklaw.com, AmandaVaughn
amanda@fairmarklaw.com, Kyla Snow kyla@jacobsonlawyersgroup.com, Nina Cahill nina@jacobsonlawyersgroup.com

All,

We want to clarify that, per Judge McMahon's order, our deadline to respond to
Plaintiffs' discovery requests is Tuesday, December 2, not Monday, December 1.
Absent the shutdown, the responses would have been due by October 20. That
deadline was tolled for the 43-day duration of the shutdown, until December 2.

In light of your objections, we have decided to provide our objections by December
2 in accordance with Judge McMahon's direction, but we strenuously object to the
suggestion that filing the motion, or objecting to the requests, is sanctionable.

Mary Ellen

**From:** Dan Jacobson <dan@jacobsonlawyersgroup.com>
**Sent:** Wednesday, November 26, 2025 9:50 AM
**To:** Jamie Crooks <jamie@fairmarklaw.com>; Doud, Rachael (USANYS)
<Rachael.Doud@usdoj.gov>
**Cc:** John Robinson <john@jacobsonlawyersgroup.com>; Lynn Eisenberg
<lynn@jacobsonlawyersgroup.com>; Michael Lieberman <michael@fairmarklaw.com>;
Yinka Onayemi <yinka@fairmarklaw.com>; Matthew Leach <mleach@fairmarklaw.com>;
AmandaVaughn <amanda@fairmarklaw.com>; Brennan, Mary Ellen (USANYS) 1
<MaryEllen.Brennan@usdoj.gov>; Kyla Snow <kyla@jacobsonlawyersgroup.com>; Nina
Cahill <nina@jacobsonlawyersgroup.com>
**Subject:** Re: [EXTERNAL] Re: ACLS v. NEH and Authors Guild v. NEH - Discovery
Requests

ACLS Plaintiffs oppose the motion, and if it's filed, at a minimum will seek fees and
expenses as provided under Rules 26 and 37.

Dan

**From:** Jamie Crooks <jamie@fairmarklaw.com>
**Date:** Wednesday, November 26, 2025 at 9:06 AM
**To:** "Doud, Rachael (USANYS)" <Rachael.Doud@usdoj.gov>
**Cc:** Dan Jacobson <dan@jacobsonlawyersgroup.com>, John Robinson
<john@jacobsonlawyersgroup.com>, Lynn Eisenberg
<lynn@jacobsonlawyersgroup.com>, Michael Lieberman
<michael@fairmarklaw.com>, Yinka Onayemi <yinka@fairmarklaw.com>, Matthew
Leach <mleach@fairmarklaw.com>, AmandaVaughn <amanda@fairmarklaw.com>,
"Brennan, Mary Ellen (USANYS) 1" <MaryEllen.Brennan@usdoj.gov>, Kyla Snow
<kyla@jacobsonlawyersgroup.com>, Nina Cahill
<nina@jacobsonlawyersgroup.com>
**Subject:** Re: [EXTERNAL] Re: ACLS v. NEH and Authors Guild v. NEH - Discovery

**Subject:** Re: [EXTERNAL] Re: ACLU v. NEH and Authors Guild v. NEH - Discovery Requests

Thanks, Rachael. The Author's Guild plaintiffs oppose your anticipated motion. Also, depending on the government's explanation as to why it's raising this categorical defense at the time its discovery responses are due, the Author's Guild plaintiffs reserve our right to seek sanctions for this delay and/or the government's refusing to comply with Judge McMahon's directions. We will of course provide you with notice and an opportunity to confer further with us before we seek such sanctions.

Thank you,
Jamie


On Wed, Nov 26, 2025 at 7:18 AM Doud, Rachael (USANYS) <Rachael.Doud@usdoj.gov> wrote:

Jamie,

You served your discovery requests two days before the shutdown began. We made clear that our acceptance of service of the deposition notices and subpoenas was without prejudice to the objections to the depositions that we plan to make.

The administrative record we are referencing is the administrative record we have produced. We plan to add a couple of additional documents based on Amanda's letter and our discussion. We have not conducted a search going up to the white house for purposes of compiling the administrative record, and do not think it would be appropriate to do so. If plaintiffs want to argue that the administrative record is incomplete they can, but thus far, aside from the handful of documents identified in Amanda's letter, you have not attempted to identify specific gaps in the record. Further, any argument that the administrative record is missing specific identifiable materials would be different from the broad discovery requests you have served, that for the reasons discussed we do not think are appropriate in the absence of a showing that the administrative record is incomplete or insufficient.

What we are asking, as indicated in my initial email, is whether the plaintiffs would consider setting aside the discovery requests and our need to respond pending a showing by plaintiffs that extra record discovery is warranted. This would mean that we would not be proceeding with searching for, reviewing, and producing documents in response to the requests pending such a showing. I'm fairly sure you will not agree, but would appreciate if you would provide your position.

Rachael

**From:** Jamie Crooks <jamie@fairmarklaw.com>
**Sent:** Tuesday, November 25, 2025 11:33 PM
**To:** Doud, Rachael (USANYS) <Rachael.Doud@usdoj.gov>
**Cc:** Dan Jacobson <dan@jacobsonlawyersgroup.com>; John Robinson <john@jacobsonlawyersgroup.com>; Lynn Eisenberg <lynn@jacobsonlawyersgroup.com>; Michael Lieberman <michael@fairmarklaw.com>; Yinka Onayemi <yinka@fairmarklaw.com>; Matthew Leach <mleach@fairmarklaw.com>; AmandaVaughn <amanda@fairmarklaw.com>; Brennan, Mary Ellen (USANYS) 1

<MaryEllen.Brennan@usdoj.gov>; Kyla Snow <kyla@jacobsonlawyersgroup.com>; Nina
Cahill <nina@jacobsonlawyersgroup.com>
**Subject:** [EXTERNAL] Re: ACLS v. NEH and Authors Guild v. NEH - Discovery
Requests

Rachael,

We share the ACLS plaintiffs' concern at the timing of this revelation.  Since the
September 25 conference, at which Judge McMahon told Plaintiffs they should file their
discovery requests after hearing your administrative record argument, our understanding
has been that Defendants were in the process of responding to those requests.  We've
exchanged multiple emails with you and had a meet and confer about those requests,
including negotiating service of deposition notices.  Tonight is the first we're hearing — 2
business days before your responses are due and 2 months after the conference — that
Defendants plan to make their "administrative record only" argument yet again.

We have one need for clarification before we can consider your proposal and give you
our position.  We do not understand what you mean when you reference the
administrative record.  What we currently have from the government cannot be it.  To
date, the government has produced 23 documents, which Judge McMahon specifically
stated at the conference was nowhere close to sufficient.  Indeed, upon hearing that was
the government's understanding of the administrative record, Judge McMahon told us to
issue discovery requests, and she described the appropriate administrative record as
containing documents gleaned from "a thorough search going all the way up to the White
House and down to the NEH and every place in between, including this entity known as
DOGE, and … located all the paper that is relevant to the decisions that were made to
terminate the grants, including any general directives that monies were to be terminated
on the basis of race, gender, but race ideology, gender ideology, content, the kind of
things that appear … to have taken place."

Have you performed this search and review of documents and now are asserting no
obligation to produce any of them, or have you not searched for documents in response
to our discovery requests?  We need to understand what the government believes its
discovery obligations would be under its suggested plan so that we can assess what
you're proposing.

Sincerely,
Jamie


On Tue, Nov 25, 2025 at 11:10 PM Doud, Rachael (USANYS)
<Rachael.Doud@usdoj.gov> wrote:

> Dan,
>
> The case was stayed for the majority of that period, as you know. We are planning to
> ask the Court to stay our deadline to respond to the discovery requests until the
> motion for a protective order is decided.
>
> Rachael
>
> _____
>
> **From:** Dan Jacobson <dan@jacobsonlawyersgroup.com>
> **Sent:** Tuesday, November 25, 2025 11:05:32 PM

**To:** Doud, Rachael (USANYS) <Rachael.Doud@usdoj.gov>; John Robinson <john@jacobsonlawyersgroup.com>; Jamie Crooks <jamie@fairmarklaw.com>; Lynn Eisenberg <lynn@jacobsonlawyersgroup.com>; Michael Lieberman <michael@fairmarklaw.com>; Yinka Onayemi <yinka@fairmarklaw.com>; Matthew Leach <mleach@fairmarklaw.com>; AmandaVaughn <amanda@fairmarklaw.com>
**Cc:** Brennan, Mary Ellen (USANYS) 1 <MaryEllen.Brennan@usdoj.gov>; Kyla Snow <kyla@jacobsonlawyersgroup.com>; Nina Cahill <nina@jacobsonlawyersgroup.com>
**Subject:** [EXTERNAL] Re: ACLS v. NEH and Authors Guild v. NEH - Discovery Requests

Rachael, all of the cases you cite were ones where the Plaintiffs had APA claims in the case. It seems that you're not able to cite any case since the enactment of the APA where a court has held a plaintiff is limited to an administrative record where there are no APA claims in the case.

Before we provide our position, can you also explain whether you'll be seeking emergency relief from the court, and explain why the government is filing this motion now during the week of Thanksgiving and right before discovery responses are due, where the discovery order was issued two months ago?

---

**From:** "Doud, Rachael (USANYS)" <Rachael.Doud@usdoj.gov>
**Date:** Tuesday, November 25, 2025 at 10:44 PM
**To:** Dan Jacobson <dan@jacobsonlawyersgroup.com>, John Robinson <john@jacobsonlawyersgroup.com>, Jamie Crooks <jamie@fairmarklaw.com>, Lynn Eisenberg <lynn@jacobsonlawyersgroup.com>, Michael Lieberman <michael@fairmarklaw.com>, Yinka Onayemi <yinka@fairmarklaw.com>, Matthew Leach <mleach@fairmarklaw.com>, AmandaVaughn <amanda@fairmarklaw.com>
**Cc:** "Brennan, Mary Ellen (USANYS) 1" <MaryEllen.Brennan@usdoj.gov>, Kyla Snow <kyla@jacobsonlawyersgroup.com>, Nina Cahill <nina@jacobsonlawyersgroup.com>
**Subject:** RE: ACLS v. NEH and Authors Guild v. NEH - Discovery Requests

Dan,

We continue to believe that it is not appropriate for plaintiffs to proceed with discovery without making a showing that the administrative record is incomplete or insufficient, which is why we are moving for a protective order.

As we already explained, *see* Dkt. No. 138, courts have made clear that the existence of constitutional claims does not necessarily entitle a party to discovery over and above the administrative record. *See, e.g., Bellion Spirits, LLC v. United States*, 335 F. Supp. 3d 32, 43 (D.D.C. 2018) ("[D]istrict courts have been hesitant to permit a plaintiff asserting a constitutional challenge to agency action to avoid the [Administrative Procedure Act ('APA')]'s bar on extra-record evidence."); *Chang v. USCIS*, 254 F. Supp. 3d 160, 161-63 (D.D.C. 2017) (discussing different approaches taken by courts, explaining that "[s]ome courts have held that [constitutional] claims are still subject to the [APA's record review] rule," since the APA itself allows plaintiffs to raise constitutional claims, while other courts "have merely found that, where a plaintiff's constitutional claims fundamentally overlap with their other APA claims, discovery is neither needed nor appropriate"); *J.L. v. Cissna*, No. 18 Civ. 4914 (NC), 2019 WL 2224851, at *1 (N.D. Cal. Mar. 8, 2019) ("even where plaintiffs have asserted constitutional claims, wide-ranging discovery is not blindly authorized at a stage in which . . . an administrative record is being reviewed"); *Hadwan v. United States Dep't of State*, No. 17 Civ. 578 (VEC), 2021 WL 4037714, at *6 n.9 (S.D.N.Y. Sept. 3, 2021) (collecting cases and stating that "'broad ranging discovery under Rule 26, beyond the administrative record in every case where a plaintiff alleges a constitutional claim, would be inappropriate'"). When determining whether to permit extra-record discovery where the plaintiff asserts constitutional claims challenging an agency action, the court looks to whether the plaintiff has made a showing that supplementing the record is warranted. *See Hadwan*, 2021 WL 4037714, at *6 & n.9 (in denying plaintiff discovery "notwithstanding his assertion of constitutional violations," explaining that the plaintiff "failed to establish a basis for supplementing the record or conducting extra-record discovery").

Please let us know your position.

Thanks,

Rachael

---

**From:** Dan Jacobson <dan@jacobsonlawyersgroup.com>
**Sent:** Tuesday, November 25, 2025 10:19 PM

**To:** Doud, Rachael (USANYS) <Rachael.Doud@usdoj.gov>; John Robinson <john@jacobsonlawyersgroup.com>; Jamie Crooks <jamie@fairmarklaw.com>; Lynn Eisenberg <lynn@jacobsonlawyersgroup.com>; Michael Lieberman <michael@fairmarklaw.com>; Yinka Onayemi <yinka@fairmarklaw.com>; Matthew Leach <mleach@fairmarklaw.com>; Amanda Vaughn <amanda@fairmarklaw.com>
**Cc:** Brennan, Mary Ellen (USANYS) 1 <MaryEllen.Brennan@usdoj.gov>; Kyla Snow <kyla@jacobsonlawyersgroup.com>; Nina Cahill <nina@jacobsonlawyersgroup.com>
**Subject:** [EXTERNAL] Re: ACLS v. NEH and Authors Guild v. NEH - Discovery Requests

Thanks for the quick response. That makes me confused, though, as to the nature and timing of your motion. The parties are not at an "impasse" – it was the court that ordered discovery two months ago, over the objection of the very same arguments you are making now. This would appear to be an untimely motion for reconsideration.

More importantly, as to the ACLS Plaintiffs, can you explain Defendants' basis in law or precedent for asserting that we are limited to an administrative record, where we have no APA claims but rather only constitutional claims? As you know, the notion of an administrative record comes from the text of the APA, and therefore by definition cannot apply where we don't have APA claims. Please explain Defendants' good-faith basis for making this argument as to ACLS Plaintiffs.

Best,

Dan

---

**From:** "Doud, Rachael (USANYS)" <Rachael.Doud@usdoj.gov>
**Date:** Tuesday, November 25, 2025 at 10:02 PM
**To:** Dan Jacobson <dan@jacobsonlawyersgroup.com>, John Robinson <john@jacobsonlawyersgroup.com>, Jamie Crooks <jamie@fairmarklaw.com>, Lynn Eisenberg <lynn@jacobsonlawyersgroup.com>, Michael Lieberman <michael@fairmarklaw.com>, Yinka Onayemi <yinka@fairmarklaw.com>, Matthew Leach <mleach@fairmarklaw.com>, AmandaVaughn <amanda@fairmarklaw.com>
**Cc:** "Brennan, Mary Ellen (USANYS) 1" <MaryEllen.Brennan@usdoj.gov>
**Subject:** RE: ACLS v. NEH and Authors Guild v. NEH - Discovery Requests

Dan,

The protective order would prevent discovery from proceeding and relieve us of the obligation to respond to the discovery requests that have been served, unless and until plaintiffs making a showing that such discovery is warranted because the administrative record is incomplete and insufficient to decide the claims. *See* Fed. R. Civ. P. 26(c). It would not relate to public disclosure.

Thanks,

Rachael

---

**From:** Dan Jacobson <dan@jacobsonlawyersgroup.com>
**Sent:** Tuesday, November 25, 2025 9:51 PM
**To:** Doud, Rachael (USANYS) <Rachael.Doud@usdoj.gov>; John Robinson <john@jacobsonlawyersgroup.com>; Jamie Crooks <jamie@fairmarklaw.com>; Lynn Eisenberg <lynn@jacobsonlawyersgroup.com>; Michael Lieberman <michael@fairmarklaw.com>; Yinka Onayemi <yinka@fairmarklaw.com>; Matthew Leach <mleach@fairmarklaw.com>; AmandaVaughn <amanda@fairmarklaw.com>
**Cc:** Brennan, Mary Ellen (USANYS) 1 <MaryEllen.Brennan@usdoj.gov>
**Subject:** [EXTERNAL] Re: ACLS v. NEH and Authors Guild v. NEH - Discovery Requests

Rachael, could you clarify what kind of "protective order" you intend to seek? To block all discovery, or to preclude public disclose of what's produced, or something else?

---

**From:** "Doud, Rachael (USANYS)" <Rachael.Doud@usdoj.gov>
**Date:** Tuesday, November 25, 2025 at 9:29 PM
**To:** Dan Jacobson <dan@jacobsonlawyersgroup.com>, John Robinson <john@jacobsonlawyersgroup.com>, Jamie Crooks <jamie@fairmarklaw.com>, Lynn Eisenberg <lynn@jacobsonlawyersgroup.com>, Michael Lieberman <michael@fairmarklaw.com>, Yinka Onayemi <yinka@fairmarklaw.com>, Matthew Leach <mleach@fairmarklaw.com>, AmandaVaughn <amanda@fairmarklaw.com>
**Cc:** "Brennan, Mary Ellen (USANYS) 1" <MaryEllen.Brennan@usdoj.gov>
**Subject:** ACLS v. NEH and Authors Guild v. NEH - Discovery Requests

All,

As we have indicated, we do not believe it is appropriate for plaintiffs to proceed with discovery requests, and for the government to be required to respond to those requests, before plaintiffs have made a showing that the administrative record is incomplete or insufficient for the purposes of resolving the remaining claims.  We understand, based on our previous conversations, that plaintiffs disagree and believe they are entitled to general discovery without any limitation based on the administrative record.  Given that we believe we are at an impasse on this issue, we intend to file a motion for a protective order prior to the date our responses and objections to the discovery requests are due.  Prior to filing any such motion, we are required to meet and confer to determine whether we can reach an agreement.  If you are willing to consider setting aside the discovery requests and our need to respond pending a showing by plaintiffs that extra record discovery is warranted, we would like to have a call tomorrow morning to discuss next steps.  If you are not willing to consider such an approach, please let us know the same by tomorrow morning.

Thanks,

Rachael

**Rachael L. Doud**

Assistant United States Attorney

U.S. Attorney's Office

Southern District of New York

86 Chambers Street, 3rd Floor

New York, NY 10007

(212) 637-2699

This message and any attached documents contain information from the law firm of Fairmark Partners, LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

This message and any attached documents contain information from the law firm of Fairmark Partners, LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.