# Exhibit 2

# Fairmark Partners, LLP

400 7th Street NW | Suite 304
Washington, DC 20004 | *https://fairmarklaw.com*

November 13, 2025

**VIA E-MAIL**
Rachael Doud
Mary Ellen Brennan
U.S. Attorney's Office
Southern District of New York
86 Chambers Street
New York, New York 10007
rachael.doud@usdoj.gov
maryellen.brennan@usdoj.gov

Re: *The Authors Guild v. Nat'l Endowment for the Humanities*, No. 25-cv-3923

Counsel:

We write on behalf of The Authors Guild Plaintiffs to address several outstanding matters relating to discovery in the above-captioned case.

First, now that the lapse in appropriations for the federal government has ended and the stay in this case has terminated, *see* Am. Standing Order, 25-mc-433, ECF No. 3 (Oct. 2, 2025), Plaintiffs write to confirm Plaintiffs' understanding that Defendants will provide their responses and objections to Plaintiffs' September 29, 2025, discovery requests by December 1, 2025. This deadline reflects the tolling period provided for in Chief Judge Swain's October 2, 2025, Amended Standing Order. *Id.*

Second, your October 1, 2025, email indicated that the Government will not accept service of deposition notices issued to Defendants Nate Cavanaugh and Justin Fox. Your stated reason was that they are not current government employees. You take this position despite Defendants Cavanaugh and Fox being named defendants in their official capacities and government counsel having entered an appearance on their behalf. The Government's answer suggests that the Government will not produce records, provide information in response to interrogatories, or provide answers to requests for admission that may be in the current actual possession of Defendants Cavanaugh and Fox, even if it is properly deemed to be in the Government's constructive possession. Please confirm immediately whether our understanding accurately reflects the Government's position regarding Defendants Cavanaugh and Fox—including whether the Government is refusing to seek, compile, or produce documents, communications, and other materials in Defendant Cavanaugh's and Defendant Fox's actual possession—so that Plaintiffs can seek relief or issue additional discovery as appropriate.

Third, in its limited production to date, the Government has produced emails referencing attachments that the Government has not produced. Plaintiffs request that the Government remedy these deficiencies immediately, as outlined below:

1) NEH_AR_000001 – The index the Government provided asserts the linked spreadsheet in this February 7, 2025, email is the same spreadsheet as provided at NEH_AR_000006. The spreadsheet provided at NEH_AR_000006 is a spreadsheet provided to Defendants Cavanaugh and Fox over a month later on March 13, 2025. The documents on their face, however, make clear that the March 13 spreadsheet is not the same spreadsheet linked in the February 7 email. The February 7 email indicates that the linked spreadsheet there was a "shared spreadsheet" that NEH employees were invited to edit, and the March 13 email indicates the spreadsheet linked there had been edited. Accordingly, please provide all versions of the spreadsheet produced at NEH_AR_000006.

2) NEH_AR_000011 & NEH_AR_000013 – Defendant Fox's March 28, 2025, email at 11:57 a.m. indicates that he has attached a spreadsheet. While the index states that "[a] later, annotated version of the spreadsheet" was produced, the Government has not produced the version of the spreadsheet attached to Defendant Fox's March 28 email. Accordingly, please produce the spreadsheet attached to Defendant Fox's March 28 email.

3) NEH_AR_000021 to -22 – Defendant Fox's April 1, 2025, email at 7:55:50 p.m.; Defendant McDonald's April 1, 2025, email at 5:05 p.m.; and Defendant Fox's April 1, 2025, email at 4:17 p.m. all reference attachments. The index and our review of the Government's production do not indicate that any of these have been produced. Accordingly, please produce the attachments and indicate to which email they were attached. In addition, please confirm whether Defendant Fox's April 1, 2025, email at 3:50 p.m. and Defendant McDonald's April 1, 2025, email at 8:06:25 p.m. had attachments and produce those if they did.

Finally, the Government claimed to Judge McMahon at the September 25, 2025, hearing, that it has produced what the Government claims to be the entire administrative record. *See* Hearing Tr. 13:7-9. But the Government has not provided any materials reflecting that any individual grants were actually terminated. The Government appears to have produced at least some records reflecting this for organizational grants. *See, e.g.*, NEH_AR_000086 & NEH_AR_000087 (email notifying termination complete for organizational grants and attachment listing terminated grants). While we agree with Judge McMahon's statement at the hearing that what the Government has provided is insufficient, we note that even under the Government's improperly narrow definition of the administrative record, records reflecting that individual grants were terminated—core conduct challenged in this case—and the identification of those grants surely falls squarely within it. Accordingly, please remedy this deficiency immediately by providing records reflecting the termination of individual grants and identifying the individual grants terminated.

                                                Sincerely,

                                                Amanda R. Vaughn
                                                FAIRMARK PARTNERS, LLP

cc (via electronic mail): all counsel of record