**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AMERICAN COUNCIL OF LEARNED SOCIETIES, <br>     633 Third Avenue, 8th Floor New York, NY 10017, <br><br> AMERICAN HISTORICAL ASSOCIATION, <br>     400 A Street SE Washington, DC 20003, <br><br> MODERN LANGUAGE ASSOCIATION, <br>     85 Broad Street, New York, NY 10004, <br><br>                 *Plaintiffs*, <br><br>            v. <br><br> MICHAEL MCDONALD, in his official capacity as Acting Chairman of the National Endowment for the Humanities, <br>     400 7th St SW, Washington, DC 20506, <br><br> NATIONAL ENDOWMENT FOR THE HUMANITIES, <br>     400 7th St SW, Washington, DC 20506, <br><br> UNITED STATES DOGE SERVICE, <br>     736 Jackson Pl NW Washington, DC 20503, <br><br> AMY GLEASON, in her official capacity as Acting Administrator of the United States DOGE Service, <br>     736 Jackson Pl NW Washington, DC 20503, <br><br> NATE CAVANAUGH, in his official capacity as an employee of the U.S. DOGE Service or the General Services Administration, <br>     1800 F St NW Washington, DC 20006, <br><br> JUSTIN FOX, in his official capacity as an employee of the U.S. DOGE Service or the General Services Administration, <br>     1800 F St NW Washington, DC 20006, <br><br>                 *Defendants*. | No. 25 Civ. 3657 (CM) |

| | |
|---|---|
| THE AUTHORS GUILD, WILLIAM GOLDSTEIN, ELIZABETH KADETSKY, VALERIE ORLANDO, KATALIN BALOG, BENJAMIN HOLTZMAN, LEE JASPERSE, and NICOLE JENKINS, on behalf of themselves and all others similarly situated, <br><br> *Plaintiffs,* <br><br> v. <br><br> NATIONAL ENDOWMENT FOR THE HUMANITIES; <br><br> MICHAEL MCDONALD, in his official capacity as Acting Chairman of the National Endowment for the Humanities; <br><br> UNITED STATES DOGE SERVICE; <br><br> AMY GLEASON, in her official capacity as Acting Administrator of the United States DOGE Service; <br><br> NATE CAVANAUGH, in his official capacity as an employee of the U.S. DOGE Service or the General Services Administration; and, <br><br> JUSTIN FOX, in his official capacity as an employee of the U.S. DOGE Service or the General Services Administration, <br><br> *Defendants.* | No. 25 Civ. 3923 (CM) |

**STIPULATION AND PROTECTIVE ORDER**

WHEREAS, the plaintiffs in the above-entitled actions ("Plaintiffs") brought these actions in May 2025 and the Court consolidated the two cases;

WHEREAS, the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that they may need to disclose in connection with discovery in this case;

2

WHEREAS, the Parties also wish to facilitate discovery while preventing the waiver of applicable privileges or protections;

WHEREAS, the Parties, through counsel, agree to the following terms;

WHEREAS, the Parties expressly incorporate the attached Addendum as provided by Section VI. of this Court's Individual Practices and Procedures; and

WHEREAS the Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

It is HEREBY ORDERED:

1. Pursuant to 5 U.S.C. § 552a(b)(12), this Order authorizes the United States to produce information relating to third parties that otherwise may be prohibited from disclosure under the Privacy Act without presenting Privacy Act objections to this Court for a decision regarding disclosure.  To the extent the Privacy Act allows the disclosure of information pursuant to court order, this Order constitutes such a court order and authorizes the disclosure of that information.

2. "Discovery Material," means any and all documents, information, and tangible things exchanged or furnished in the course of discovery by the Parties or any other party that is a signatory to this Order and other persons or entities subject to discovery in this action, including deposition testimony and exhibits thereto, answers to interrogatories, and responses to other discovery requests and subpoenas.

3. "Producing Party" means a Party producing Discovery Material in this action.

4. "Receiving Party" means a Party receiving or having access to Discovery Material in this action.

5. "Confidential Information" means:

      a. information of which public disclosure is restricted by law; or

      b. any personal or intimate information in which any individual possesses a reasonable expectation of privacy, including, but not limited to, personal financial, tax, employment, personnel, medical, or other private or personally identifiable information.

6. The protections conferred by this Protective Order do not cover information:

      a. That is already in the public domain;

      b. That becomes part of the public domain after its disclosure in discovery as a result of a publication not involving a violation of this Order (including becoming part of the public record in this action through trial or otherwise); or

      c. That is known to the Receiving Party prior to the disclosure, or obtained by the Receiving Party after disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

7. A Producing Party may designate as "Confidential Information" any Discovery Material, or portion thereof, that the Producing Party believes in good faith to contain Confidential Information, as defined above. Information in a document that the Producing Party deems Confidential Information shall be designated as such by stamping the phrase "Subject to Protective Order" on the relevant portion of the document in a manner that will not interfere with legibility. Information in an interrogatory answer or response to request for admission that the Producing party deems Confidential Information shall be designated as such by starting the response with "This response is designated Subject to Protective Order."

8. With respect to depositions, designation of "Confidential Information" shall be made either by (a) indicating on the record during the deposition that a question calls for Confidential Information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Subject to Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 21 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential Information, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit in their possession or under their control. During the 21-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential Information. Those portions of a deposition transcript that are designated as Confidential Information shall be stamped "Subject to Protective Order."

9. Disputes concerning the designation of Confidential Information shall be handled as follows: counsel for the party challenging the propriety of a designation of Confidential Information shall provide, in writing, to counsel for the Producing Party the party's challenge to the designation of a specific document or portion of testimony as Confidential Information, and the reason for the challenge. To the extent practicable, the challenging party and the Producing Party shall meet and confer and make a good faith effort to resolve the dispute. In the event that these parties are unable to resolve the dispute, if the Producing Party seeks to maintain the designation of the document or portion of the document as Confidential Information, the Producing Party must, within 21 of receiving the challenge, apply to the Court for a determination as to whether it appropriately designated the Discovery Material at issue as Confidential Information.

The Producing Party bears the burden of persuading the Court that the Discovery Material is in fact Confidential Information within the definition of that term set forth above.  If the Producing Party files such an application with the Court, the Discovery Material at issue will be treated as Confidential Information until the Court has rendered its determination.  Failure to challenge a designation immediately does not waive a party's ability to bring a later challenge.

10. Except as provided in this Order, all Confidential Information produced or exchanged pursuant to this Order shall be used solely for the purposes of this action and for no other purpose whatsoever, and shall not be published to the general public in any form, or otherwise disclosed, disseminated, or transmitted to any person, entity, or organization, except in accordance with the terms of this Order.

11. Any document, record, or any part of any document or record designated as Confidential Information may be disclosed only to the following Qualified Persons:

    a. Plaintiffs, attorneys for Plaintiffs, and any support staff or other employees of Plaintiffs or attorneys of record of Plaintiffs who are assisting in the maintenance of this action;

    b. Defendants, attorneys for Defendants, and any support staff or other employees of Defendants or attorneys of record of Defendants who are assisting in the defense of this action, including Government agency counsel;

    c. Witnesses who are deposed in this action, to the extent the witnesses' testimony may relate to documents designated as Confidential Information;

    d. Experts or consultants retained for this action by counsel to a party, and any support staff or other employees for such experts or consultants who are assisting in the expert's work for this acpostion;

      e. Court reporters or stenographers engaged to record deposition testimony, and their employees who are assisting in the preparation of transcripts of such deposition testimony;

      f. The Court and Court personnel; and

      g. Such other persons as hereafter may be authorized by the Court upon motion of any party.

12. A copy of this Order shall be delivered to each Qualified Person to whom a disclosure of Confidential Information is made, at or before the time of disclosure, by the party making the disclosure or by its counsel. The provisions of this Order shall be binding upon each such person to whom disclosure is made.

13. All Qualified Persons, including the parties and their respective counsel, to whom Confidential Information is disclosed, are hereby prohibited from disclosing information designated as Confidential Information to any unauthorized person, except as provided in this Order.

14. If any Party seeks to publicly file with the Court any Confidential Information, or portions of pleadings, motions, or other papers that disclose such Confidential Information, that Party shall provide the Producing Party no less than ten calendar days' advance written notice of its intent to file such material. The Producing Party may then, within that ten calendar-day period, make an application to the Court requesting that the material be filed and kept under seal. If such an application is made, the papers in question shall not be filed until the Court renders a decision on that application. If exigencies so require, the Party seeking to disclose Confidential Information may, within the otherwise-applicable ten calendar-day notice period, file the material under seal. If the Producing Party has not yet made an application to the Court requesting that the material be

filed and kept under seal, the Producing Party must do so within the ten calendar-day period following the filing of the document, or the material will be unsealed. The Parties will use their best efforts to minimize the need to file documents under seal.

15. In advance of a hearing in this matter, the Parties agree to confer in good faith to reach an agreement regarding the appropriate protections in the event a party seeks to use Confidential Information at a hearing. Nothing in this Order shall limit a Party's ability to use its own Confidential Information at a hearing in this action or in any other proceeding, subject to the Court's determination of the admissibility of the Confidential Information.

16. Nothing in this Order shall preclude any disclosure of Confidential Information to any judge, magistrate, or employee of the Court for purposes of this action.

17. Nothing contained in this Order shall be construed to prejudice any Party's right to use in open court any Confidential Information, provided that reasonable notice of the potential disclosure of the Confidential Information shall be given to the Producing Party so that the Producing Party may move to seal the document, or otherwise seek to prevent the disclosure or dissemination of the Confidential Information, in advance of its use in open court.

18. If counsel for any Party is required by law or court order to disclose, disseminate, or transmit Confidential Information produced under this Order to any person or entity not identified herein as a Qualified Person, the name of that person or entity and the reason access is required shall be provided to the producing party no less than 14 days prior to disclosure, dissemination, or transmittal so as to provide the Producing Party sufficient time to object and seek a protective order as necessary. There shall be no disclosure after an objection has been made until the objection has been resolved unless disclosure, dissemination, or transmission is required sooner by law or court order. If Confidential Information produced under this Order is

required by law or court order to be disclosed to a person or entity not identified herein as a Qualified Person, the person or entity receiving the Confidential Information shall, before receiving the Confidential Information, be provided with a copy of this Order and shall acknowledge their agreement to comply with this Order by signing a copy of the acknowledgement form attached as Exhibit A.  A copy of each such acknowledgement form must be provided promptly after its execution to counsel of record for the producing party.

19. Within thirty days after the final disposition of this action, including any and all appeals, all Confidential Information and copies thereof in the possession of any Qualified Persons, other than counsel for the Parties, shall be returned to the Producing Parties or destroyed.  If the Confidential Information is destroyed, the Party that has destroyed the Confidential Information shall certify in writing to the Producing Party that the Confidential Information in its possession has been destroyed.

20. If a Producing Party inadvertently fails to designate material as Confidential Information at the time of production, this shall not in itself be deemed a waiver of any claim of confidentiality as to that Confidential Information.  The Producing Party may correct its failure to designate an item as Confidential Information by taking reasonable steps to notify all receiving persons of its failure, and by promptly supplying all receiving persons with new copies of any documents bearing corrected designations.  Within five business days of receiving copies of any documents bearing corrected designations pursuant to this paragraph, the receiving persons shall return or destroy the improperly non-designated materials, and certify in writing to the producing party that such materials have been returned or destroyed.

21. In the event of a disclosure by a party in receipt of Confidential Information to persons or entities not authorized by this Order to receive such Confidential Information,

whether by inadvertence or otherwise, the disclosing party shall, upon learning of the disclosure: (1) immediately notify the person or entity to whom the disclosure was made that the disclosure contains Confidential Information subject to this Order and request the recipient to execute the acknowledgement form attached as Exhibit A; (ii) make reasonable efforts to recover the disclosed Confidential Information as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; and (iii) notify the Party that initially produced the Confidential Information of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Confidential Information and ensure against further dissemination or use thereof.

22. The production of documents, communications, or electronically stored information ("ESI") protected by the attorney-client privilege, work-product privilege, deliberative process privilege, executive privilege, or any other applicable privilege or protection,[1] whether inadvertent or otherwise, and regardless of whether reasonable steps were taken to prevent the disclosure, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  A Producing Party may request the return or destruction of such information, which request shall identify the information and the basis for requesting its return, and the timeliness of such a request will be governed by Federal Rule of Evidence 502(b).  If a Party receives information that it believes may be subject to a claim of privilege or protection from discovery, the Receiving Party shall promptly identify the information to the Producing Party.  This Order shall be interpreted to provide the maximum protection allowed by FRE 502(d).

---

[1] The listing of these privileges is without prejudice to any party's argument that such privilege should not be recognized, either in general or as applied to specific documents in this case.

23. When a Producing Party or Receiving Party identifies information protected by the attorney-client privilege, work-product privilege, deliberative process privilege, executive privilege, or any other applicable privilege or protection, that was inadvertently disclosed, the Receiving Party: (1) shall not use, and shall immediately cease any prior use of, such information; (2) shall take reasonable steps to retrieve the information from others to whom the party disclosed the information; (3) shall, within five business days of the Producing Party's request, return to the Producing Party or destroy the information and destroy all copies thereof; and (4) shall confirm to the Producing Party the destruction, under (3) above, of all copies of the information not returned to the Producing Party. No Party shall use the fact or circumstances of production of the information in the Action to argue that any privilege or protection has been waived. Within thirty days after a Producing Party or Receiving Party identifies the information, and not after that time period has elapsed, the Receiving Party may file a motion to compel the production of the inadvertently disclosed information on the basis that: (a) the information was never privileged or protected from disclosure; or (b) any applicable privilege or protection has been waived by some act other than the inadvertent disclosure of the information in the Action. The Producing Party and the Receiving Party shall meet and confer in accordance with applicable law or Court rules regarding any such motion to compel.

24. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or other information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

25. This Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable, and does not constitute

any ruling on any potential objection to the discoverability, relevance, or admissibility of any document or information.

26. Nothing in this Order shall be construed as a waiver of any defense, right, objection, or claim by any party, including any objection to the production of documents and any claim of privilege or other protection from disclosure.

27. Nothing in this Order shall affect the right of any party to seek additional protection against the disclosure of any documents or materials, or of the parties to seek additional disclosures.

28. Nothing in this Order shall prevent the disclosure of Confidential Information to governmental authorities for purposes of enforcement of criminal laws or in furtherance of civil enforcement or regulatory proceedings.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

29. Nothing in this Order shall prevent any disclosure of Confidential Information by the party or entity that designated the information as such.

SO STIPULATED AND AGREED TO BY:

Dated: January 15, 2026
     Washington, D.C.

JACOBSON LAWYERS GROUP PLLC

By: /s/ *Daniel F. Jacobson*
DANIEL F. JACOBSON
5100 Wisconsin Ave NW, Suite 301
Washington, D.C. 20016
Tel: (301) 823-1148
Email: dan@jacobsonlawyersgroup.com
*Counsel for ACLS Plaintiffs*

Dated: January 15, 2026
     Washington, D.C.

FAIRMARK PARTNERS, LLP

By: /s/ *Jamie Crooks*
JAMIE CROOKS
400 N. 7th St. NW
Washington, D.C. 20004
Tel: (619) 507-4182
Email: jamie@fairmarklaw.com
*Counsel for Authors Guild Plaintiffs*

Dated: January 15, 2026
     New York, New York

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: /s/ *Mary Ellen Brennan*
MARY ELLEN BRENNAN
RACHAEL DOUD
JONAKI SINGH
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2652
E-mail: maryellen.brennan@usdoj.gov
*Counsel for Defendants*

Dated:
SO ORDERED:

_____
HON. COLLEEN MCMAHON
United States District Judge

Dated: January 15, 2026
       New York, New York

**ADDENDUM**

The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential.

It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the Court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.