

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

February 11, 2026

**BY ECF**

The Honorable Colleen McMahon
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

        Re:    *American Council of Learned Societies v. National Endowment for the Humanities*, No. 25 Civ. 3657 (CM), and *The Authors Guild v. National Endowment for the Humanities*, No. 25 Civ. 3923 (CM)

Dear Judge McMahon:

      This Office represents the Government in the above-referenced cases. We write in response to the ACLS Plaintiffs' February 11, 2026, letter, which asks the Court to "order the government to produce" the results of an additional search requested by Plaintiffs that yielded 4,702 documents. The search was designed to retrieve *any* documents in the possession of twenty-four National Endowment for the Humanities ("NEH") custodians that hit on *any* of the following terms: "Fox," "Cavanaugh," "DOGE," or "USDS." The search terms were not connected to each other or to any other term aimed at identifying documents related to the remaining issue in this case, *i.e.*, the termination of grants. Plaintiffs have made no effort to explain their basis for believing that this additional search will return documents that are relevant to their claims and proportional to the needs of the case. They instead ask the Court to rubber stamp their letter request for additional discovery based on their conclusory assertions that the documents returned by the search must be important and that the review the Government must undertake to produce them would not be burdensome. Consistent with the Court's directive that the parties' avoid "prolonging discovery . . . that's not likely to get [Plaintiffs] anything more than [they] already have," the Court should deny the request or, at the very least, require Plaintiffs to provide a meaningful, good faith explanation for why they believe this additional discovery is justified. *See* Transcript of Feb. 2, 2026, Case Management Conference ("Feb. 2, 2026, Conf. Tr.") 5:21-25.

      First, the Court should not require the Government to undertake a time-consuming review of these additional documents because the Government has *already* searched for, reviewed, and produced documents for the *exact same custodians* that contain the terms "Fox," "Cavanaugh," or "DOGE." The Government reasonably designed the searches it used for its productions to return all documents that refer to Fox, Cavanaugh, or DOGE in the context of grant terminations. In particular, the Government searched for and reviewed all documents – for all twenty-four NEH custodians – that resulted from the following searches: grant* AND terminat* AND (Fox

The Honorable Colleen McMahon
Page 2

OR Cavanaugh OR DOGE), as well as award* AND (terminat* OR cancel*) NOT grant* (ECF No. 182-1 at 2, ECF No. 182-4 at 3-4).[1]

      As the Government has repeatedly explained to Plaintiffs, the search Plaintiffs' propose is clearly overbroad because it will return numerous documents that have nothing to do with grant terminations and that are not relevant to Plaintiffs' claims. For example, the search will pull in in any document containing the word "fox," in any context, and a spot check of the documents returned by the requested search indeed shows that search results contain project descriptions and news reports referring to Fox News, documents referring to a writer with the last name "Fox," and hits for grantees named "Fox" or "Cavanaugh." Moreover, as Plaintiffs are aware, Fox and Cavanaugh participated in actions taken at NEH other than grant terminations—including the reduction of staff, which occurred after the grant terminations were effected. Plaintiffs' conclusory assertion that "there is simply *no* reason why NEH employees would be communicating with or about 'Fox OR Cavanaugh OR DOGE OR USDS' unless they were communicating about issues directly relevant to DOGE's involvement in grant terminations at NEH," ECF No. 210, at 1—is simply wrong. Plaintiffs' failure to even acknowledge the possibility that their requested search is bound to return irrelevant documents—despite the Government's prior representation that the results of the search do indeed contain irrelevant documents, *see* ECF No. 206, at 3—is emblematic of their disregard for the burdens and inefficiencies imposed on the Government by unnecessary discovery and their failure, at every turn, to work cooperatively with the Government to develop an efficient and proportional discovery plan.

      Contrary to Plaintiffs' suggestion that the Government was required to run, and produce the results of, any searches of Plaintiffs' choosing, ECF No. 210, at 2, courts have required parties seeking to expand search parameters for electronically stored information ("ESI") to "demonstrate that the additional requested [parameters] would provide <u>unique</u> relevant information," *i.e.*, that "unique responsive documents [are] being missed in the current search scheme that would justify the inclusion." *Blackrock Allocation Target Shares*, No. 14 Civ. 9372 (GBD) (HBP), 2018 WL 2215510, at *7 (S.D.N.Y. May 15, 2018) (emphasis in original); *see also, e.g.*, *In re Exactech Polyethylene Orthopedic Prods. Liab. Litig.*, 347 F.R.D. 572, 586-87 (E.D.N.Y. 2024). Plaintiffs have never attempted to make that showing with respect to the additional requested search. *See* ECF Nos. 179, 206; *see also* ECF No. 182, at 5-6; ECF No. 182-4.

      Second, conducting a review of nearly 5,000 additional documents at this time would impose significant constraints on the Government. Even without having to undergo such a review, the Government already anticipates needing to devote significant time and work to this case in the coming days and weeks. As the Court may recall, the ACLS Plaintiffs filed an interlocutory appeal in the Second Circuit, seeking review of this Court's denial of their preliminary injunction and dismissal of certain claims, and the Government's responsive brief on Plaintiffs' appeal is due to the Second Circuit on Tuesday, February 17, 2026. Moreover, as your Honor is aware, Plaintiffs intend to (1) amend the complaint to add an equal protection claim and (2) file a motion for spoliation sanctions, which the Government anticipates will

---

[1] The Government, of course, also reviewed and produced documents from Fox's and Cavanaugh's NEH and GSA email accounts.

The Honorable Colleen McMahon
Page 3

warrant responses. The Government also must begin to prepare its summary judgment motion, whether it is due on March 6 or March 27.[2] There are currently three Assistant United States Attorneys assigned to this case, one of whom was added to the case in December to ensure that the Government would be able to comply with the discovery deadlines set by the Court at that time. Given the significant constraints currently placed on this Office, the Government does not anticipate being able to add an additional attorney to this case, and one of the three undersigned attorneys is on leave for part of this week and next week.

Plaintiffs' conclusion that it would not "be burdensome and time-consuming" for the Government to review and produce these documents (ECF No. 210, at 2) simply demonstrates their unwillingness to cooperate with the Government in good faith to "secure the just, speedy, and inexpensive determination" of this action. *See* Fed. R. Civ. P.1; *see also* Fed. R. Civ. P. 26(b)(1). Moreover, their suggestion that the Government team "could review all of the documents in two days" because "attorneys can generally review documents at a rate of at least 100 documents in an hour" (ECF No. 2010, at 2 n.2) overlooks various realities pertaining to litigation generally and this case specifically, including that each of the three undersigned attorneys is assigned to and responsible for dozens of active and ongoing cases—not just this one.

In light of significant additional docket constraints on the undersigned attorneys, both in this case and in others, the Government submits that it would need at least three weeks to review and produce the additional documents if the Court requires it to undertake such a review. The Government's view, however, is that this case should proceed to summary judgment briefing now, without further discovery, so that the case can be resolved. Many of the salient facts are essentially undisputed. (The Government has repeatedly proposed to Plaintiffs, both before any discovery took place and after depositions were taken, that the parties resolve the case by stipulating to many such facts). Moreover, Plaintiffs have repeatedly maintained that they believe the administrative record alone demonstrates that the Government violated the First Amendment, and, at the February 2, 2026, case management conference, Plaintiffs stated that they believe they have "smoking gun evidence" of an Equal Protection violation. *See, e.g.*, ECF No. 158, at 4-6 (stating that the administrative record "demonstrates, in stark and unmistakable fashion, that Defendants carried out the terminations based on the grants' association or perceived association with disfavored viewpoints and disfavored political parties" and shows that "the Mass Termination was carried out either by or at the direction of representatives of representatives of a newly-created office now known as the U.S. DOGE Service"); Transcript of September 25, 2025, Case Management Conference Tr. 15:2-8 (stating that "among the spreadsheets [Defendants] produced two days ago as part of the administrative records, the grants – approximately 1300 grants that were canceled were very much along the lines that your opinion noted would violate the First Amendment"); Feb. 2, 2026, Conf. Tr. 6:22-7:25 (referring to "smoking gun evidence" of Equal Protection violation); *see also id.* 7:13-15 ("Is this like a

---

[2] As the Government will set forth in a separate letter, the Government largely consents to Plaintiffs' proposed revised summary judgment schedule, but seeks certain adjustments to that schedule due to the availability of team members during religious holidays and school breaks. The Government has proposed revisions to Plaintiffs and is waiting to hear back from Plaintiffs regarding the Government's revised proposal.

The Honorable Colleen McMahon
Page 4

news flash? We knew that last May, when this started. This is not a news flash. . . . We have known this all along.").

\*\*\*

In December, the Court ordered the Government to conduct a thorough and good faith search of the files of any executive branch agency that played a role in the decision to terminate the grants at issue, as well as the files of any individuals who contributed to the decisions, by January 16, and make four witnesses—three of whom were named as defendants in their official capacities—available for depositions by January 30. ECF No. 169. The Government has now done that. Among other things, the Government produced more than 60,000 pages of documents, and Plaintiffs have taken many hours of deposition testimony from the individuals who were involved in selecting grants for termination. Plaintiffs' insistence—without providing any explanation or basis for why it is necessary—that the Government now embark on a time-consuming review of thousands of additional documents is the definition of a fishing expedition. *In re Morgan Stanley Mortgage Pass-Through Certificates Litig.*, No. 09 Civ. 02137 (LTS) (SN), 2013 WL 5745938 (S.D.N.Y. Oct. 23, 2013) (explaining that "'the standard in ESI discovery is not perfection,'" and that parties requesting discovery "do not need, and are not entitled under the rules of proportionality, to every single [relevant] document"). And, furthermore, in light of the Court's recognition during the February 2, 2026, conference that Plaintiffs have what they need to move for summary judgment, Plaintiffs appear to be demanding that the Government review and produce additional documents not because they actually think any information contained therein will make a significant difference in their ability to prosecute their case but rather to continue to unnecessarily burden the Government. *See* Feb. 2, 2026, Conf. Tr. 8:21-23 ("It's time. It's just time.").

Accordingly, the Court should deny Plaintiffs' request. At the very least, given the circumstances presented here, if Plaintiffs seek to require the Government to review thousands of additional documents, they should be required to make more of a showing than simply asserting in conclusory fashion that the thousands of documents returned by a plainly overbroad search must be important and that the review will not impose burdens on the Government.

We thank the Court for its consideration of this submission.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: s/ *Mary Ellen Brennan*
MARY ELLEN BRENNAN
RACHAEL DOUD
JONAKI SINGH
Assistant United States Attorneys
86 Chambers St., 3rd Floor

The Honorable Colleen McMahon
Page 5

                                                       New York, New York 10007
                                                      (212) 637-2699

cc:      All counsel of record (via ECF)