UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————————— x

THE AUTHORS GUILD, et al.,

               Plaintiffs,

    -against-

NATIONAL ENDOWMENT FOR THE
HUMANITIES, et al.,

               Defendants.

—————————————————————————— x

25-cv-3923 (CM)

AMERICAN COUNCIL OF LEARNED
SOCIETIES, et al.,

               Plaintiffs,

    -against-

PRANITA RAGHAVAN, in her official capacity as
Acting Chairman of the National Endowment for the
Humanities, et al.,

               Defendants.

—————————————————————————— x

25-cv-3657 (CM)

## INTERIM ORDER

McMahon, J.:

    The Court has received Defendants' letter motions dated March 10 and March 13, 2026, Dkt. Nos. 259, 261, which report that Plaintiffs have posted publicly the full video recordings of four Government depositions taken in this case and request relief pursuant to the Stipulation and Protective Order entered in this action.  Dkt. No. 186.

    The Government has effectively alleged that dissemination of the deposition videos violates the protective order presently in place.  The Stipulation and Protective Order governs the

use and dissemination of discovery materials in this case.  The Order defines "Discovery Material" to include materials exchanged during discovery, "including deposition testimony and exhibits thereto."  Dkt. No. 186, ¶ 2.

The Order further provides that materials designated as confidential "shall be used solely for the purposes of this action . . . and shall not be published to the general public in any form." *Id.*, ¶ 10.  But the Protective Order also sets out procedures for designating deposition testimony as confidential.  It provides that:

> With respect to depositions, designation of 'Confidential Information' shall be made either by (a) indicating on the record during the deposition … or (b) notifying the reporter and all counsel of record, in writing, within 21 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential Information.

*Id.*, ¶ 8.  At the same time, the Protective Order provides that a party's failure to designate material as confidential at the time of production "shall not in itself be deemed a waiver of any claim of confidentiality."  *Id.*, ¶ 20.  Thus, while the Protective Order contemplates that discovery material designated as confidential may not be disseminated publicly, it also establishes a specific mechanism by which deposition testimony is to be designated as confidential.  The Court has not yet been informed whether the procedures set out in Paragraph 8 were invoked with respect to the deposition testimony or recordings at issue here.

Accordingly, it is hereby ORDERED that:

1. Plaintiffs shall immediately take any and all possible steps to claw back the videos of the depositions of the witnesses identified in the Government's motion.

2. Plaintiffs shall take no further steps to disseminate any discovery materials in this case – including, without limitation, the aforementioned videos – until the Court can consider the Government's motion.

3. Plaintiffs must respond in writing to the Government's motion by the close of business on Monday, March 16, 2026.  In their submission, Plaintiffs shall address whether Defendants sought to designate any portion of the

deposition testimony or recordings as "Confidential Information" pursuant to the procedures set out in Paragraph 8 of the Stipulation and Protective Order.

4.  Defendants may file a reply by the close of business on Tuesday, March 17, 2026.

5.  The Court will hold a hearing on Tuesday, March 17, 2026, at 11:00 a.m. in Courtroom 24A, Moynihan Courthouse.

This Order is entered solely to preserve the status quo pending the Court's consideration of the parties' arguments.

SO ORDERED.


Dated: March 13, 2026
       New York, New York


_____
                    U.S.D.J.