IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN COUNCIL OF LEARNED SOCIETIES, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> MICHAEL MCDONALD, in his official capacity as Acting Chairman of the National Endowment for the Humanities, *et al.*, <br><br> *Defendants*. | Case No. 25-cv-03657 |
| THE AUTHORS GUILD *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> NATIONAL ENDOWMENT FOR THE HUMANITIES, *et al.*, <br><br> *Defendants*. | Case No. 25-cv-3923 |

**ACLS PLAINTIFFS' EMERGENCY MOTION FOR
<u>RECONSIDERATION OF INTERIM ORDER</u>**

ACLS Plaintiffs file this emergency motion for reconsideration of the Court's Interim Order entered earlier today. ECF No. 151. ACLS Plaintiffs will respond in full to Defendants' motion for a protective order on March 16, 2026, as the Court directed. But ACLS Plaintiffs file this emergency motion now because the predicate question underlying the Court's Interim Order can be quickly resolved—

Defendants never designated the video depositions in question as Confidential under the Protective Order, and Defendants have never alleged in their correspondence with ACLS Plaintiffs that ACLS Plaintiffs violated the protective order presently in place. Emergency reconsideration is warranted because compliance with the Interim Order will significantly harm ACLS Plaintiffs' First Amendment rights and the public interest, as explained below.

## BACKGROUND

As the Court noted in the Interim Order, Paragraph 8 of the Protective Order governs the designation of deposition testimony as Confidential. As that Paragraph permits, within 21 days of each of the four depositions, Defendants notified Plaintiffs of small, specific portions of three of the depositions that they were designating as Confidential.[1] *See* Exs. 1 & 2. ACLS Plaintiffs have abided by those designations and have not made public any of the portions that Defendants designated as Confidential. Defendants have never asserted otherwise. Defendants never designated any of the remainder of the deposition testimony as Confidential under the existing Protective Order, and still have not to this day.

On February 21, 2026, ACLS Plaintiffs notified Defendants that they intended to submit the deposition videos to the Court as exhibits to the summary judgment motion, including potentially submitting the portions not designated as Confidential as public exhibits. *See* Ex. 2. Defendants never formally objected to, or sought to stop, ACLS Plaintiffs from making these deposition videos public records by filing them as exhibits. *Id.* ACLS Plaintiffs filed their motion for summary judgment two weeks later, including the video testimony as public exhibits. ACLS Plaintiffs made the full, non-confidential portions of the video depositions public on their YouTube pages and websites.

On March 8, Defendants requested that ACLS Plaintiffs take down the videos. *See* Ex. 3. In that and subsequent emails, Defendants never alleged that ACLS Plaintiffs violated the present Protective

---

[1] Defendants did not designate any portions of Mr. Wolfson's deposition as Confidential.

2

Order. Instead, Defendants indicated that they would seek a *new* protective order to enable them to designate materials as confidential that they cannot designate under the terms of the current order.

## ARGUMENT

In light of these facts, ACLS Plaintiffs respectfully request that the Court lift the portion of the Interim Order requiring ACLS Plaintiffs to remove the video testimony from their websites and YouTube pages, and claw back the videos to the greatest extent possible. These portions of the Interim Order rest on the court's assertion that "[t]he Government has effectively alleged that dissemination of the deposition videos violates the protective order presently in place," and that "[t]he Court has not yet been informed whether the procedures set out in Paragraph 8 were invoked with respect to the deposition testimony or recordings at issue here." ECF No. 151 at 1–2. Because it is *undisputed* between the parties that Defendants did not designate the relevant portions of the video testimony as Confidential pursuant to the Protective Order,[2] and that ACLS Plaintiffs have not violated the Protective Order in any way, ACLS Plaintiffs respectfully submit that there is no legal basis for ordering ACLS Plaintiffs to take down and claw back these materials of enormous public interest. *See, e.g.*, *Schiller v. City of New York*, No. 04 CIV. 7921 KMK JCF, 2007 WL 136149, at *2 (S.D.N.Y. Jan. 19, 2007) ("In the absence of such a protective order, parties to a lawsuit may disseminate materials obtained during discovery as they see fit." (citing cases)).[3]

Requiring ACLS Plaintiffs to take down and claw back these materials would significantly burden their First Amendment rights. Even if the Interim Order is in place only until next week, "[t]he loss of

---

[2] Indeed, Defendants' requested relief is for a new protective order, not for enforcement of the protective order already in place. ECF 259.

[3] ACLS Plaintiffs have asked Defendants to immediately clarify to the Court that Defendants did not designate the relevant testimony as Confidential pursuant to the Protective Order and are not alleging that ACLS Plaintiffs violated the protective order currently in place. Government counsel has not responded to this request as of this filing.

3

First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *N.Y. Magazine v. Metro. Transp. Authority*, 136 F.3d 123, 127 (2d Cir. 1998) (cleaned up)

Moreover, the public interest would be harmed by requiring the taking down of the video testimony. Many news outlets and commentators have (entirely on their own volition) embedded the videos from ACLS Plaintiffs' YouTube pages within their news stories or comments. If ACLS Plaintiffs take the videos down from YouTube, the news stories will have videos containing error messages, which may force the stories themselves to be taken down. That would not be in the public interest given that the videos concern testimony from senior government officials on matters of great public concern.

## CONCLUSION

For the reasons stated above, ACLS Plaintiffs respectfully request that the Court reconsider on an emergency basis today the portions of the Interim Order requiring ACLS Plaintiffs to take down and clawback non-confidential video deposition testimony.

March 13, 2026                                    Respectfully submitted,

                                            */s/ Daniel F. Jacobson*
                                            Daniel F. Jacobson
                                            Lynn D. Eisenberg
                                            John Robinson
                                            Kyla M. Snow
                                            JACOBSON LAWYERS GROUP PLLC
                                            5100 Wisconsin Ave NW, Suite 301
                                            Washington, D.C. 20016
                                            (301) 823-1148
                                            dan@jacobsonlawyersgroup.com

                                            *Counsel for ACLS Plaintiffs*