**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| THE AUTHORS GUILD *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> NATIONAL ENDOWMENT FOR THE HUMANITIES, *et al.*, <br><br> *Defendants*. | Case No. 1:25-cv-3923 <br><br> Consolidated with No. 1:25-cv-3657 |

**ACLS PLAINTIFFS' RESPONSE TO AUTHORS GUILD PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs in Case No. 25-cv-3657 (the "ACLS Plaintiffs") respectfully submit this response to the Authors Guild Plaintiffs' motion for a preliminary injunction, Dkt. 170. Although not parties in Case No. 25-cv-3923, ACLS Plaintiffs submit this response to raise two points in light of their interest in any relief this Court may order on the Authors Guild Plaintiffs' motion.

First, ACLS Plaintiffs do not understand the motion to request that the Court depart from this Court's clear holding in its summary judgment order that the Court was not awarding money damages to Plaintiffs or otherwise alter the jurisdictional premises on which summary judgment was granted. *See* SJ Order at 38–57, Dkt. 291. As the Court correctly recognized, Plaintiffs in both cases "d[id] not seek a judgment awarding money past due under their grant agreements" and sought only "to invalidate the Government's decision to terminate their grants and to enjoin further action taken on allegedly unlawful grounds." *Id.* at 44. The Court's judgment in favor of Plaintiffs only "set aside allegedly unconstitutional government action" and did not "itself award compensatory damages or require payment of sums presently due." *Id.*; *see also id.* at 138 ("Plaintiffs do not seek class wide monetary relief, and the Court does not award any damages.").

Given that Plaintiffs in both cases sought only equitable relief to enjoin unconstitutional government action and did not seek money damages, the Court correctly held that the Tucker Act did not divest this Court of jurisdiction over Plaintiffs' claims. *Id.* at 56.

Second, ACLS Plaintiffs would oppose any relief that would delay NEH's compliance with this Court's judgment as to ACLS Plaintiffs and their members, including the restoration of their grants. NEH has not yet unwound any of the terminations, but government counsel has represented that NEH is moving forward to reinstate the grants. Last week, NEH advised grantees that it was preparing guidance, instructions, and a grant reinstatement form for affected award recipients. ACLS Plaintiffs reached out to government counsel to ask whether the Authors Guild's requested relief would delay this process as to ACLS Plaintiffs and their members, but government counsel was unable to provide such an assurance. Accordingly, if the Court grants any portion of the requested relief, ACLS Plaintiffs respectfully request that the order expressly provide that (1) it does not apply to grants held by ACLS Plaintiffs or their members[1] and (2) it shall not delay or impede implementation of the Court's judgment as to those grants.

June 12, 2026

Respectfully submitted,

/s/ John Robinson
Daniel F. Jacobson
Lynn D. Eisenberg
John Robinson
Kyla M. Snow
JACOBSON LAWYERS GROUP PLLC
5100 Wisconsin Ave NW, Suite 301
Washington, D.C. 20016
(301) 823-1148
john@jacobsonlawyersgroup.com

*Counsel for ACLS Plaintiffs*

---

[1] The Authors Guild Plaintiffs will "not be seeking a fee award with respect to the roughly $51 million in outstanding grant awards from members of the [ACLS Plaintiffs], as they are not part of the certified class represented by Class Counsel." Dkt. 170-01 at 4 n.3.

2