UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————x

THE AUTHORS GUILD, WILLIAM
GOLDSTEIN, ELIZABETH KADETSKY,
VALERIE ORLANDO, KATALIN
BALOG, BENJAMIN HOLTZMAN, LEE
JASPERSE, AND NICOLE JENKINS, on
behalf of themselves and all others similarly
situated,

              Plaintiffs,

     -against-

NATIONAL ENDOWMENT FOR THE
HUMANITIES, *et al.*,

              Defendants.

——————————————————————x

25-cv-3923 (CM)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/4/2026

## ORDER

McMahon, J.:

A few days ago, I issued what I thought was the perfectly sensible ruling that attorneys' fees would be addressed after the appeal, so that the Court would not have to address the issue twice. I am now hoist on my own petard.

Counsel for the Authors Guild Plaintiffs have moved for preliminary injunctive relief requiring NEH to withhold a portion of grant payments otherwise payable to members of the Authors Guild class for a fee award. I will not decide whether any holdback is appropriate – or, if so, in what amount – without knowing the amount of attorneys' fees that Class Counsel has actually accrued in this case.

Accordingly, by **2:00 p.m. on August 5, 2026**, Class Counsel must file a declaration stating:

1. the total amount of attorneys' fees accrued through the date of the declaration, as reflected in time records and calculated using each timekeeper's regular billing rate;

2. the total number of hours billed and the number of attorneys and other timekeepers whose work is included; and

3. whether the calculation includes time billed by multiple lawyers for performing the same task, and, if so, the amount attributable to that time.

The submission must exclude expenses, anticipated future work, and any multiplier, enhancement, or other increase. It must also state whether the amount includes the $150,000 previously paid by the Authors Guild.

I understand that Plaintiffs may prefer that any fee ultimately be calculated as a percentage of a common fund. However the Court may ultimately calculate fees – if it ever decides to award any – it will not decide the pending preliminary-injunction motion without this information. No additional briefing should be submitted absent further order of the Court.

**SO ORDERED.**

Dated: August 4, 2026
       New York, New York

_____
U.S.D.J.