UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————————— x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/5/2026

THE AUTHORS GUILD, WILLIAM
GOLDSTEIN, ELIZABETH KADETSKY,
VALERIE ORLANDO, KATALIN
BALOG, BENJAMIN HOLTZMAN, LEE
JASPERSE, AND NICOLE JENKINS, on
behalf of themselves and all others similarly
situated,

                Plaintiffs,

    -against-

NATIONAL ENDOWMENT FOR THE
HUMANITIES, *et al.*,

                Defendants.

—————————————————————————— x

25-cv-3923 (CM)

### ORDER GRANTING IN PART THE AUTHORS GUILD PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

McMahon, J.:

For the reasons stated in the Court's accompanying Opinion, the Authors Guild Plaintiffs'

motion for a preliminary injunction, Dkt. No. 170, is **GRANTED IN PART** and **DENIED IN**

**PART**.

It is hereby ORDERED that:

1. Effective immediately, the National Endowment for the Humanities ("NEH") must withhold 2.5 percent from each amount that, after entry of this Order, NEH determines through its existing reinstatement process would otherwise be disbursed under grants held by members of the Authors Guild class certified in the Court's May 7, 2026 Opinion (the "Covered Disbursements").

2. Covered Disbursements do not include amounts payable under any grant excluded from the Authors Guild class under the Court's May 7, 2026 Opinion, including grants held by any ACLS Plaintiff or its members. The

ACLS Plaintiffs must provide NEH and Class Counsel with any information reasonably necessary to identify those excluded grants.

3. The reserve applies only to amounts not yet disbursed. NEH need not recover, recoup, or seek repayment of funds already disbursed. NEH must withhold 2.5 percent from each Covered Disbursement; the remaining 97.5 percent can be disbursed in the ordinary course.

4. The reserved funds must remain in NEH's possession and must not be transferred to Class Counsel. NEH must maintain records sufficient to identify the aggregate amount reserved pursuant to this Order and the amount attributable to each grant giving rise to a Covered Disbursement. NEH must not disburse, reobligate, or otherwise use the reserved funds except as directed by further order of the Court.

5. After the appellate proceedings have concluded, Class Counsel may file the application for attorneys' fees contemplated by Dkt. No. 177. The Court will then determine whether Class Counsel is entitled to a fee, the legal basis and amount of any such fee, and the disposition of the reserved funds. To the extent the Court approves a common-fund fee, if any, the reserved funds can be paid to Class Counsel in satisfaction of that award. Any reserved funds not used to satisfy an approved common-fund fee must be disbursed to the grantees from whose payments they were withheld.

6. Within fourteen days after entry of this Order, Class Counsel must provide notice of this Order to affected class members in accordance with Dkt. No. 177.

7. The 2.5-percent reserve is a temporary preservation measure only. This Order does not determine that Class Counsel is entitled to any fee, that 2.5 percent would be a reasonable fee, or that any fee should ultimately be paid from the reserved funds.

8. No security is required under Federal Rule of Civil Procedure 65(c).

This Order remains in effect until further order of the Court.

**SO ORDERED.**

Dated: August 5, 2026
     New York, New York

_____
U.S.D.J.

- 2 -